IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRYL ANN KOONTZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN O'MALLEY,[1] ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-1351 |

O R D E R

AND NOW, this 27th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff first argues that the Administrative Law Judge ("ALJ") erred by improperly disregarding the medical opinion of Plaintiff's treating physician, Dr. Mamoon A. Rasheed, M.D.  (Doc. No. 14, pp. 16-21).  Plaintiff argues the reasons the ALJ gave for rejecting Dr. Rasheed's opinion are factually incorrect, for instance, that the ALJ stated Dr. Rasheed's opinion was not supported with an in-depth explanation regarding the basis for the opinion and that the opinion was not consistent with Plaintiff's longitudinal examination findings.  (*Id.* at pp. 18-19).  Plaintiff further states "[t]he ALJ was required to give substantial weight to Plaintiff's treating physician's opinion" and cites a case from 2015.  (*Id.* at pp. 20-21 (citing *Wade v. Colvin*, No. 15-311, 2015 WL 5826713 (W.D. Pa. Oct. 6, 2015)).  However, Plaintiff overlooks the fact that for cases filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."  *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases).

In any event, the Court rejects Plaintiff's argument.  As noted above, the "treating physician rule" does not apply to cases filed on or after March 27, 2017.  *Id.*  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  Here, Plaintiff's claim was filed on September 28, 2020 (R. 15; Doc. No. 14, p. 1), and therefore the treating physician rule does not apply to her claim.  The ALJ appropriately recognized this and discounted Dr. Rasheed's opinion because it was not supported with an in-depth explanation regarding the basis for the opinion and the severity of the opinion was inconsistent with Plaintiff's longitudinal examination and consultative examination findings.  (R. 27).  The ALJ was correct to analyze the consistency and supportability of Dr. Rasheed's opinion and properly discounted this opinion because it was neither consistent nor supported by the record.  Accordingly, Plaintiff's argument on this point fails.

The Court further rejects Plaintiff's argument that substantial evidence does not support the ALJ's rejection of Dr. Rasheed's opinion because the reasoning given contained factually incorrect statements.  (Doc. No. 14, pp. 18-19).  Neither the ALJ's statement that Dr. Rasheed's opinion was not supported with an in-depth explanation nor the statement that his opinion was not consistent with Plaintiff's longitudinal examination findings is factually incorrect.  First, Dr. Rasheed's opinion was not supported by an in-depth explanation regarding the basis for his opinion.  (*See* Ex. B12F).  Rather, Dr.

Rasheed submitted a physical capacity evaluation that lists Plaintiff's medical diagnoses and contains markings to indicate his opinion of Plaintiff's limitations without explanation. (*Id.*). The Court did not find any explanation for this opinion within the record, and Plaintiff does not point to Dr. Rasheed's explanation regarding the basis for his opinion. Second, the ALJ's statement that Dr. Rasheed's opinion is inconsistent with Plaintiff's longitudinal examination findings and Plaintiff's consultative examination is also factually correct. The ALJ noted that Plaintiff's longitudinal examination findings showed that Plaintiff did not have significant motor strength, sensation, reflex, or gait deficits, and noted improvement regarding treatment for her hip, plantar fasciitis, keratitis, and dry eye syndrome. (R. 27). Similarly, Plaintiff's consultative examinations showed normal physical functioning, stable and nontender joints, no edema, normal range of motion, and normal motor strength. (*Id.*). It is not inaccurate to state that these findings were inconsistent with several of Dr. Rasheed's opined limitations, including that Plaintiff could only walk and stand for 15 minutes continuously and could not use foot controls. (R. 702-04). In sum, the ALJ's analysis of Dr. Rasheed's opinion is supported by substantial evidence.

Plaintiff next argues that the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence because he did not adopt all of the limitations opined by Dr. Rasheed. (Doc. No. 14 at 22). However, as noted, the ALJ did not find this opinion to be persuasive in the first place. Even if he had, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight," *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). In any event, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). Here, as explained above, the ALJ properly rejected Dr. Rasheed's opinion and crafted Plaintiff's RFC by considering all of the evidence. (R. 20-28). Accordingly, the Court rejects Plaintiff's argument on this point.

The Court also finds no merit in Plaintiff's argument that the medical-vocational guideline section of the regulations (commonly referred to as the "Grids"), 20 C.F.R., pt. 404, subpt. P, app. 2, dictate a finding that Plaintiff was disabled. (Doc. No. 14 at 23-25).

3

---

The Grids were promulgated by the Commissioner to facilitate the determination as to whether a claimant is disabled; the Grids take into consideration the claimant's physical abilities, age, education, and work experience, and direct a finding of disabled or not disabled based on the combination of these factors. Here, the Grids direct that a claimant who is approaching advanced age will ordinarily be found to be disabled when they are limited to sedentary work, have no past work experience or can no longer perform vocationally relevant past work, and have no transferable skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(g). In this case, however, the ALJ did not limit Plaintiff to sedentary work, and therefore the Grids do not dictate a finding of disability. Rather, the ALJ found Plaintiff had the RFC to perform light work with other limitations. (R. 20). The ALJ even recognized the Grids in his decision and noted that had he determined that Plaintiff had the RFC to perform a full range of light work, the Grids would have directed a finding of not disabled. (R. 29). Given that the ALJ limited Plaintiff to light work with additional limitations, he properly relied on the testimony of the vocational expert ("VE") to determine jobs within the national economy that Plaintiff could perform. (*Id.*). Accordingly, the ALJ's analysis of the Grids is supported by substantial evidence.

Plaintiff next argues that the ALJ erred by improperly evaluating Plaintiff's subjective complaints of pain and other non-exertional impairments. (Doc. No. 14 at 25-26). The Court notes that while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363. To the extent Plaintiff argues that the ALJ gave insufficient consideration to her testimony about the pain and limiting effects caused by her impairments, the Court notes that, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. (R. 21-22). Indeed, the ALJ thoroughly evaluated Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms and compared them to medical evidence within the record in a detailed paragraph within his decision. (*Id.*). In sum, the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence.

Lastly, the Court rejects Plaintiff's argument that the ALJ improperly disregarded the testimony of the VE and relied on an incomplete hypothetical question. Specifically, Plaintiff contends that the evidence demonstrates that Plaintiff would need to lie down while working, would require more than 10% off-task time, and would miss three days of work per month. (Doc. No. 14 at 27). The Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005).

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:      Counsel of record

---

Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant. *See id.* at 544. Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Id.* (emphasis in original). Here, as previously explained, substantial evidence supports the ALJ's RFC assessment and because the hypothetical posed to the VE accurate conveyed Plaintiff's RFC, (R. 70-71), the ALJ appropriately relied upon the VE's response. Plaintiff's argument that additional limitations should have been included is without merit as the ALJ's RFC finding is supported by substantial evidence.

For these reasons, the Court affirms the decision of the ALJ.